976 F.2d 1445
 298 U.S.App.D.C. 141
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Wilbert Joseph PARKER, Appellant.
 No. 91-3300.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 16, 1992.
 
 Before STEPHEN F. WILLIAMS, SENTELLE and KAREN LeCRAFT HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that Parker's convictions be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 Wilbert Parker argues that the district court erred in formulating three jury instructions at Parker's trial on drug and weapons charges. Parker first objects to the omission of certain language from the court's instruction on assessing the credibility of witnesses. However, the court's instruction provided adequate guidance for the jury, and the omission of the specific language that Parker requested did not render the instruction deficient. See United States v. Lee, 506 F.2d 111, 123 (D.C.Cir.1974), cert. denied, 421 U.S. 1002 (1975).
 
 
 5
 Parker also argues that the court erred in not instructing the jury that mere presence in the vicinity of contraband does not constitute possession. However, because there was no evidence indicating that Parker was merely present in the vicinity of the drugs and because the court's intent instruction eliminated the possibility of conviction for mere presence, the court did not commit reversible error in omitting the mere-presence language. See United States v. Norris, 873 F.2d 1519, 1525 (D.C.Cir.1989) (stating that a reviewing court must consider the evidence presented at trial in evaluating jury instructions).
 
 
 6
 Parker next asserts that the court erred in informing the jury that lawyers may not ask leading questions, as lawyers may ask such questions on cross-examination. However, because the court made this remark in the context of instructing the jury that the statements of counsel are not evidence and because the court did not indicate in any manner that defense counsel had engaged in misconduct, the remark does not constitute reversible error.
 
 
 7
 Because the jury instructions provide no grounds for reversal and because Parker now concedes that, under the law of this circuit, dismissal was not required based on the discrepancy between the amount of cocaine base charged in the indictment and the amount proved at trial, see United States v. Patrick, 959 F.2d 991, 996 n. 5 (D.C.Cir.1992) ("[T]he quantity of drug possessed is not a constituent element of the offense of possession with intent to distribute under 21 U.S.C. § 841(a). Quantity is relevant only to punishment...."); accord United States v. Lam, 966 F.2d 682 (D.C.Cir.1992), we affirm his convictions.